UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04268-RS<br><br>**ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS** |

## I. INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss *pro se* plaintiff Charles Thompson's claims relating to the foreclosure sale of his home. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for October 13, 2016, is vacated. For the reasons that follow, Wells Fargo's motion is granted, and Thompson's claims are dismissed with leave to amend.

## II. BACKGROUND[1]

In September 2007, Thompson obtained a $438,000 loan from World Savings Bank, FSB. The loan was secured by a deed of trust against a residential property in San Francisco. After a

---

[1] Where applicable, facts are drawn from plaintiff's complaint and are taken as true for the purpose of deciding this motion to dismiss. Many facts, however, are drawn from judicially noticed documents submitted by Wells Fargo. *See* Req. for Judicial Notice, Exs. B-I. These exhibits are either public records reflecting official acts of the executive branch of the United States or official public records of the San Francisco County Recorder's Office. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of matters of public record.") (citation and internal quotation marks omitted).

series of corporate successions, Wells Fargo assumed an interest in the loan in 2009.[2] On January 15, 2016, Wells Fargo recorded a notice of default on the loan.  On May 12, 2016, Wells Fargo recorded a notice of trustee's sale, advising Thompson that a non-judicial foreclosure sale of the property would take place if Thompson remained in default.  A public auction of the property occurred on June 15, 2016, and Wells Fargo was the highest bidder.  Wells Fargo recorded a trustee's deed upon sale on June 23, 2016.

On June 24, 2016, Thompson filed a complaint in California state court against Wells Fargo and other defendants for violations of California Civil Code sections 1572, 2923.5, and 2923.6, violation of California's Unfair Competition Law, and violation of the federal Truth in Lending Act.  Wells Fargo filed a timely notice of removal on July 28, 2016, pursuant to both federal question and diversity jurisdiction.  Wells Fargo now moves to dismiss all of Thompson's claims.

### III.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  "[D]etailed factual allegations are not required," but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in a complaint.  Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a

---

[2] In January 2008, World Savings Bank changed its name to Wachovia Mortgage, FSB.  It subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009, merged into Wells Fargo Bank, N.A.  *See* Req. for Judicial Notice, Exs. C-F; *Wolf v. Wells Fargo Bank, N.A.*, No. C11-01337 WHA, 2011 WL 4831208, at *1 (N.D. Cal. Oct. 12, 2011) ("World Savings changed its name to Wachovia Mortgage in late 2007.  Wachovia Mortgage then became part of Wells Fargo . . . .").

plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## IV.  DISCUSSION

### A.  Section 2923.5 Claim

Thompson claims that the notice of default issued on January 15, 2016, failed to comply with section 2923.5 of the California Civil Code, and is therefore void. Wells Fargo argues that it is not bound by section 2923.5, that section 2923.5 offers Thompson no remedy, and that Thompson has not pled a violation or material violation of section 2923.5.

*1.  Whether Section 2923.5 Is Applicable*

Wells Fargo argues that, as of January 1, 2013, it is not covered by section 2923.5, but instead by California Civil Code section 2923.55. Because Thompson's claims related to the 2016 notice of default and the communications that preceded it in 2015, Wells Fargo argues Thompson cannot bring a section 2923.55 claim.

Section 2923.5 applies "only to entities described in subdivision (b) of Section 2924.18." Cal. Civ. Code § 2923.5(g). Section 2924.18(b) describes lenders with fewer than 175 foreclosures "during its immediately preceding annual reporting period." *Id.* § 2924.18(b). Section 2923.55, meanwhile, "shall *not* apply to entities described in subdivision (b) of Section 2924.18." Cal. Civ. Code § 2923.55(g) (emphasis added). The upshot of Well Fargo's argument, then, appears to be that at the relevant times in 2015 and 2016, it was not covered by section 2923.5 because it had 175 or more foreclosures during its immediately preceding annual reporting period.

The problem with this argument is that Wells Fargo neither explains what its immediately preceding annual reporting period was, nor offers any evidence of how many foreclosures it had

during that period. Wells Fargo cites *Major v. Wells Fargo Bank, N.A.,* No. 14-CV-998-LAB-RBB, 2014 WL 4103936 (S.D. Cal. Aug. 18, 2014) for the proposition that, after January 1, 2013, it was covered by section 2923.55, but this 2014 decision says nothing about what statute covered Wells Fargo in 2015 and 2016. Thus, this argument fails.

*2. Whether Any Remedy Is Available Under Section 2923.5*

Wells Fargo next argues Thompson's section 2923.5 claim cannot proceed because Thompson's property has already been sold, and the only relief available under section 2923.5 is postponement of a foreclosure sale. Wells Fargo is correct: "The right of action [under section 2923.5] is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010); *see also Krug v. Wells Fargo Bank, N.A.*, No. 11-CV-5190 YGR, 2012 WL 1980860, at *4 (N.D. Cal. June 1, 2012) ("[T]he court in *Mabry* was clear that the only remedy available for a violation of 2923.5 is a postponement of the foreclosure sale."). Because Thompson's property has already been sold, he is not entitled to relief under section 2923.5, and thus his claim must be dismissed. Wells Fargo's arguments that Thompson has not pled a violation or material violation of section 2923.5 need not be addressed.

### B. Fraud Claims

Thompson brings claims for fraud, intentional misrepresentation, and actual fraud under California Civil Code section 1572. All three claims are seemingly based on the faulty premise that Wells Fargo never had an interest in the loan and thus had no standing to initiate a non-judicial foreclosure. Although plaintiff obtained the loan from World Savings Bank in 2007, Wells Fargo obtained an interest in the loan as the successor to World Savings Bank. *See infra* Part II; *Wolf*, 2011 WL 4831208, at *1 ("World Savings changed its name to Wachovia Mortgage in late 2007. Wachovia Mortgage then became part of Wells Fargo Bank in 2009 and is the current holder of the note . . . ."). As a result, Thompson's fraud claims necessarily fail. *See Medina v. Wells Fargo Bank, N.A.*, No. CV 14-02298 DDP PLAX, 2014 WL 1921037, at *2 (C.D. Cal. May 14, 2014) (dismissing quiet title action premised on faulty theory that Wells Fargo had no interest

in a loan).

### C. Section 2923.6 Claim

Thompson brings a claim under California Civil Code section 2923.6, which concerns the "duty that mortgage servicers may have to maximize net present value under their pooling and servicing agreements." Cal. Civ. Code § 2923.6(a). Thompson's claim is difficult to understand, but it appears to seek relief in the form of a loan modification. Although section 2923.6 declares "the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority," *id.* § 2923.6(b), it "merely expresses the hope that lenders will offer loan modifications on certain terms" and "there is no *right*, . . . under the statute, to a loan modification," *Mabry*, 185 Cal. App. 4th at 222, 231. Because Thompson has no right to relief under section 2923.6, his claim is dismissed.

### D. UCL Claim

Thompson claims Wells Fargo's conduct violated California's Unfair Competition Law ("UCL"), which proscribes "any unlawful, unfair, or fraudulent business act or practice." Cal. Civ. Code § 17200 *et seq.* "Each prong of the UCL is a separate and distinct theory of liability." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). This claim is predicated entirely on Thompson's other claims and the allegations underlying them, and appears to proceed under the fraud prong of the UCL. To state a claim under the UCL's fraud prong, a plaintiff must allege the defendant's challenged business practices are likely to deceive members of the public. See *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010). Because Thompson has not alleged any actionable fraud, *see infra* Part IV.B, or any business practices likely to deceive members of the public, his UCL claim necessarily fails and is dismissed.

### E. Truth in Lending Act Claim

Thompson claims that his home loan failed to comply with the requirements of the federal Truth in Lending Act. *See* 15 U.S.C. § 1601 *et seq.* Wells Fargo argues, correctly, that any claim under the Truth in Lending Act is time-barred. The Act provides a one-year statute of limitations

on claims for damages, commencing when the borrower signs the implicated loan.[3] *Id.* § 1640(e); *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  It also provides a three-year statute of limitations for claims seeking rescission of a loan, commencing on the "date of consummation of the transaction."  15 U.S.C. § 1635(f).  Thompson signed the loan at issue in 2007.  He commenced this action in 2016, long after the deadlines to seek damages or rescission had passed.  Thompson's claims under the Truth in Lending Act are thus time-barred and dismissed with leave to amend.  (TOLLING)

## V.  CONCLUSION

For the foregoing reasons, Wells Fargo's motion is granted, and Thompson's claims are dismissed with leave to amend.  Any amended complaint shall be filed by October 31, 2016.

**IT IS SO ORDERED**.

Dated: October 11, 2016

RICHARD SEEBORG
United States District Judge

---

[3] "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period [on a claim for damages] until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the [Truth in Lending Act] action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Thompson's Truth in Lending Act claim relates to his 2007 loan, and he makes no argument for equitable tolling.